O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANE LIGGETT, | ) Case No. CV 10-7582-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) |
| Defendant. | ) ) |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

___

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the administrative law judge ("ALJ") properly found the existence of past relevant work; and

(2) Whether the ALJ properly assessed Plaintiff's credibility.

(JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /
/ / /

# III.
# DISCUSSION

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has a history of right ankle fractures with findings of reflex sympathetic dystrophy[3] and chronic left ankle pain, which imposes more than a minimal restriction on her ability to perform basic work activities, and thus is a severe impairment. (Administrative Record ("AR") at 19.) Additionally, the ALJ found that Plaintiff's right rotator cuff injury is a non-severe impairment. (Id.) The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a full range of sedentary level work with the following limitations: occasional kneeling, crouching, stooping, and use of a cane for prolonged walking. (Id. at 20.) Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as Tutor (Dictionary of Occupational Titles ("DOT") No. 099.227-034) or Teacher Aid (DOT No. 323.687-014) that exist in significant numbers in the national economy. (AR at 23.) The ALJ also relied on the VE's testimony to determine that there were alternative jobs that exist in significant numbers that

---

[3] Reflex Sympathetic Dystrophy ("RSD"), also known as Complex Regional Pain Syndrome ("CRPS"), is a chronic pain condition characterized as continuous intense pain out of proportion to the severity of the injury that gets worse rather than better over the passage of time. Individuals diagnosed with RSD/CRPS often experience changes in the color and temperature of the skin, with burning pain, skin sensitivity, sweating, and swelling. Some individuals experience spontaneous remission, while others may experience irreversible changes regardless of treatment. National Institute of Neurological Disorders and Stroke, NINDS, Complex Regional Pain Syndrome Information Page, http://www.ninds.nih.gov/disorders/reflex_sympathetic_dystrophy/reflex_sympathetic_dystrophy.htm (last visited June 20, 2011).

Plaintiff is capable of performing in the national economy. Finally, the ALJ utilized the Medical-Vocational Guidelines, Rule 201.28, to conclude the Plaintiff was not disabled.

**B.     Whether the ALJ Properly Determined That Plaintiff Had Past Relevant Work Experience.**

Plaintiff contends that the ALJ erred by considering Plaintiff's history of part-time employment as past relevant work experience. (JS at 4.) Specifically, Plaintiff contends that the ALJ may not consider work history that was not a substantial gainful activity. (Id.)

**1.     Applicable Law.**

At the fourth step of the analysis, the ALJ assesses whether a plaintiff has the residual functional capacity to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work is work experience within the past fifteen years that was substantial gainful activity, with a duration long enough to learn how to do it. 20 C.F.R. § 404.1560(b)(1). In evaluating work activity for substantial gainful activity purposes, the primary consideration is the earnings derived from the work activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). Earnings above certain specified levels create a rebuttable presumption that the claimant was engaged in substantial gainful activity. See Lewis v. Apfel, 236 F.3d 503, 516 (9th Cir. 2001); 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).

**2.     Analysis.**

Here, the ALJ found at step one that Plaintiff's part-time work after the onset of her alleged disability on December 27, 2002, was <u>not</u> substantial gainful activity. (AR at 18.) Thus, it was error for the ALJ to find at step four that Plaintiff could perform her past relevant work as a tutor and teacher's aide.

However, the ALJ's step four determination is harmless error in light of the ALJ's alternative finding at step five. (Id. at 23); see also Stout v. Comm'r of Soc.

Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability.)

At step five, the ALJ concluded that Plaintiff could perform other work in the national and local economies that existed in significant numbers. During the hearing, the VE testified about three alternative occupations at the sedentary exertional level that Plaintiff could perform including, Alarm Mechanism Adjuster (DOT 715.684-010), Compact Assembler (DOT 739.687-066), and Fishing Reel Assembler (DOT 732.684-062). (AR at 54.) The VE also provided a fourth alternative occupation of Hand Packager (DOT 920.587-018), which although classified in the DOT as a medium exertional level occupation, contains about 30,000 positions performed at a sedentary exertional level. (AR at 54-55.)

The ALJ also considered whether Plaintiff could transition into another work environment based on her residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. The Guidelines consist of tables, commonly referred to as "grids," that provide a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." 20 C.F.R. § 404, subpt. P, app. 2; Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). The ALJ may rely solely on the Guidelines when the relevant grid "completely and accurately represent[s] a claimant's limitations. . . . In other words, a claimant must be able to perform the full range of jobs in a given category, i.e., sedentary work, light work or medium work." Tackett, 180 F.3d at 1101 (citing Heckler v. Campbell, 461 U.S. 458, 461, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983)).

The ALJ found that Plaintiff is a younger individual with a high school education who is able to communicate in English. (AR at 23.) She also found that Plaintiff has the residual functional capacity to perform a full range of sedentary

work limited only to occasional kneeling, crouching, and stooping. (Id. at 20.) These limitations do not preclude application of the grids. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(b). SSR 85-15 (sedentary base is virtually intact if person can stoop or crouch occasionally and kneeling is relatively rare even in arduous work; thus limitations on the ability to kneel have little significance in the broad world of work). Thus, application of the grids directing a conclusion of "not disabled" was appropriate. (AR at 24.)

Based on the foregoing, although the ALJ erred at step four in finding that Plaintiff could perform her past relevant work, this error was harmless because the ALJ properly concluded as an alternative at step five that Plaintiff could perform a variety of work readily available in the regional and national economy.

### C. Whether the ALJ Properly Assessed Plaintiff's Credibility.

Plaintiff contends that the ALJ erred by failing to provide specific reasons for discrediting Plaintiff's testimony. (JS at 3.)

#### 1. Applicable Law.

An ALJs assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient.)

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes

specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986), superseded by statute on other grounds; see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284. Social Security Ruling ("SSR") 96-7p, further provides factors that may be considered to determine a claimant's credibility such as: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

/ / /

/ / /

### 2. **Analysis.**

Plaintiff contends the ALJ failed to make use of the factors described above for making a credibility determination. The Court disagrees.

The ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints less than credible. For instance, the ALJ considered Plaintiff's continued school attendance and employment after the alleged disability onset date as contradictory to Plaintiff's subjective complaints of severe and disabling pain. (AR at 22.) Similarly, the ALJ determined Plaintiff's use of Ibuprofen as treatment allowed her to function normally and was suggested by Plaintiff's doctor. (Id. at 22, 34) In addition, the ALJ determined that Plaintiff had exaggerated the intensity, persistence, and limiting effects of the symptoms of her RSD/CRPS because Plaintiff has reported zero pain, remission of her RSD/CRPS, and used a cane despite being advised that it could exacerbate back pain. (Id.) Finally, the ALJ determined that Plaintiff had exaggerated her complaints due to reported symptoms not associated with RSD/CRPD including lupus, vertigo, hypoglycemia, skin pigmentation problems, and GERD. (Id. at 37, 38, 321, 322, 325.) Plaintiff provided no diagnostic reports or assessments to support these allegations other than treatment notes. (Id. at 21.)

The ALJ also relied on the objective medical evidence of record, which she found did not fully support Plaintiff's complaints. For instance, a neurological exam presented no clinical findings of RSD/CRPD. (Id. at 285.) Plaintiff was directed to exercise and attend physical therapy. (Id. at 237-38, 247, 251.) Plaintiff cancelled appointments for physical therapy on more than one occasion. (Id. at 254.) When a disabling condition is amenable to treatment, claimant must follow the course of treatment. SSR 82-59; see also 20 C.F.R. § 416.930. Plaintiff had no significant osteoarthritis or other bony abnormality. (AR at 248.) The neurological exam indicated that Plaintiff had no clinical evidence of RSD/CRPD. (Id. at 251.) Plaintiff's back pain was likely of muscular origin, and

| | |
|---|---|
| 1 | she had been advised that use of her cane could result in back pain.  (Id. at 321, |
| 2 | 324.)  Although Plaintiff was provided with thirty days after the hearing to submit |
| 3 | additional documentation, she failed to submit any reports or assessments |
| 4 | regarding her functional limitations from treating or examining physicians.  (Id. at |
| 5 | 21, 317-24.) |

Based on the foregoing, the Court finds that the ALJ stated clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility.  Thus, relief is not warranted on this claim.

## IV.
## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: July 20, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge